UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-20378-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RICARDO ANTONIO VALETA,

      Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for Defendant Ricardo Antonio Valeta. (ECF No. 19). I held that hearing on November 15, 2021, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning Defendant's sentence.

2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant United States Attorney all agreed on the record and consented to my conducting the change

1

of plea hearing. Defendant also consented to my holding the hearing by video conference. And, both parties agreed that they preferred to hold the change of plea now by videoconference because it allows for social distancing and, therefore, reduces the possibility of their exposure to COVID-19. Pursuant to S.D. Fla. Administrative Order 2021-51, I find that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

3.      I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4.      The parties entered into a written plea agreement and Defendant and his counsel had that document with them at the hearing; the plea agreement was thereafter filed with the Court. I reviewed that plea agreement on the record and Defendant acknowledged that he carefully read that agreement, signed it, and agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Counts 1, 7 and 13 of the Indictment, which charges Defendant with bank fraud, in violation of Title 18, United States Code, Section 1344 (Count 1), aggravated identity theft, in violation of Title 18 United States Code, Section 1028A (Count 7) and money laundering, in violation of Title 18 United States Code, Section 1957 (Count 13). (ECF No. 1). The United States agreed to seek dismissal of all remaining counts of the Indictment after sentencing.

5.      The parties also agreed to a written factual proffer, and Defendant and his counsel had that document with them at the hearing. This too was later filed with the Court. Defendant said that he read that factual proffer and agreed to its accuracy; he also

2

confirmed that he signed it. Defendant also explained how he committed the crimes charged in the Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the maximum term of thirty (30) years imprisonment as to Count 1, a mandatory term of two (2) years imprisonment, consecutive to any other term of imprisonment, as to Count 7, and the maximum term of ten (10) years imprisonment as to Count 13.

6.     Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Counts 1, 7 and 13 of the Indictment.

7.     The U.S. Probation Office will prepare a pre-sentence investigation report, and Defendant was advised that his **sentencing has been scheduled for January 11, 2022, at 10:00 a.m., before the Honorable Donald M. Middlebrooks, in Miami**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Counts 1, 7 and 13 of the Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only

those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

       **RESPECTFULLY RECOMMENDED** this 16th day of November, 2021, at Miami, Florida.


CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE


cc:    The Honorable Donald M. Middlebrooks
       Counsel of record